IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SUPRENER HAYNES,              )<br>                               )<br>     Plaintiff,              )<br>                               )<br>     v.                        )<br>                               )<br>U-HAUL, et al.,                )<br>                               )<br>     Defendants.               ) | CIVIL ACTION NO.<br>  2:12cv535-MHT<br>       (WO) |

OPINION AND ORDER

This cause is before the court on a motion to dismiss or transfer filed by defendant U-Haul Co. of Virginia. For the reasons that follow, the motion will be granted as to transfer.

U-Haul Co. of Virginia seeks transfer pursuant to 28 U.S.C. § 1404. Section 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Because federal courts normally accord deference to a plaintiff's choice of forum in a motion under § 1404, the burden is on the movant to show the suggested forum is

more convenient.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).  However, a district court has "broad discretion in weighing the conflicting arguments as to venue."  England v. ITT Thompson Industries, 856 F.2d 1518, 1520 (11th Cir. 1988) (citation omitted); see also Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991) (leaving decision to transfer "to the sound discretion of the trial court").  A court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  A district court judge may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious, and inexpensive.'"  Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. July 13,

1981)<sup>*</sup> (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)) cert. denied, 456 U.S. 918 (1982).

Although a transfer will burden plaintiff Suprener Haynes, the court believes that, on balance, a transfer is warranted. This lawsuit arises from an incident in Woodbridge, Virginia. Haynes rented a U-Haul truck to help her move her belongings. She picked up the U-Haul truck at a U-Haul rental center in Woodbridge. She then drove the truck to her friend's home, also in Woodbridge. While Haynes was in the back of the truck loading her possessions into the truck, she sustained an injury for which she now seeks relief from U-Haul Co. of Virginia. In sum, the parties executed the contract in Virginia, Haynes's injury occurred in Virginia, and all of the U-Haul Co. of Virginia's evidence is in Virginia. Additionally, Virginia law will apply. There is no

---

     * In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

connection between this lawsuit and Alabama. While it is more convenient for Haynes to litigate in Alabama, where she resides, this factor does not outweigh the fact that all of the relevant events occurred in Virginia. The court has carefully considered all of the relevant factors and is convinced that U-Haul Co. of Virginia has met its burden under § 1404.

                              ***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to dismiss or transfer, (Doc. No. 15), filed by defendant U-Haul Co. of Virginia on August 17, 2012, is granted to the extent that this lawsuit is transferred to the United States District Court for the Eastern District of Virginia.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 12th day of September, 2012.

                    /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE